AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Mississippi

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
NOV 10 2022
ARTHUR JOHNSTON
BY _____ DEPUTY

United States of America
v.

NORLAN JAVIER VARGAS-BEJARANO

)
)
)  Case No. 1:22mj 127-BWR
)
)
)

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  November 9, 2022  in the county of  Harrison  in the  Southern  District of  MS, Southern Division , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. §§ 1324(a)(1)(A)(ii) & (B)(i) | Unlawful Transportation or Moving of an Alien within the United States for Commercial Advantage or Private Financial Gain |

This criminal complaint is based on these facts:
See Affidavit, which is attached hereto and incorporated by reference herein.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Christopher C. Spiers, Border Patrol Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 11/10/2022

_____
*Judge's signature*

City and state:    Gulfport, Mississippi         Bradley W. Rath, United States Magistrate Judge
*Printed name and title*

## **AFFIDAVIT**

STATE OF MISSISSIPPI )
COUNTY OF HARRISON :
SOUTHERN DISTRICT OF MISSISSIPPI )

I, Christopher C. Spiers, being first duly sworn, hereby depose and say that:

1. I am a Border Patrol Agent (BPA) of the United States Border Patrol (USBP), currently located at 10400 Larkin Smith Drive, Gulfport, Mississippi. I am a graduate of the U.S. Border Patrol Academy and have been an Agent in the Border Patrol since on or about February 18, 2013. I have approximately 18 years of experience as a law enforcement officer. As part of my official duties as a BPA, I am authorized and assigned to investigate violations of the immigration laws as well as other criminal statutes of the United States.

2. On or about November 9, 2022, at about 9:30 pm, a deputy with the Harrison County Sheriff's Department Criminal Interdiction Patrol (CIP), contacted the United States Border Patrol (USBP) Gulfport Station concerning a vehicle stop near the 31 Mile Marker on I-10 east in Harrison County, Mississippi. The deputy stopped a black, 2016 Toyota Highlander with a certain temporary Texas tag for reckless driving.

3. The driver identified himself with a State of Maryland driver's license as Norlan Javier Vargas-Bejarano, residing in Silver Spring, Maryland. Vargas-Bejarano claimed he and all of his five passengers were traveling from Texas to work in Miami, Florida. The deputy observed no visible luggage or tools indicating the passengers intended to immediately work upon arrival. He also noticed bottled water, fast food bags and several caffeinated drink cans throughout the vehicle. Due to the deputy's experience and training, he recognized the driver may be involved in criminal alien smuggling and contacted the U.S. Border Patrol.

1

4. USBP Agents arrived on scene and questioned the driver and his passengers as to their citizenship. The driver and all of his passengers were determined to be illegally present in the United States without proper documentation and were transported to the USBP Gulfport Station for further processing.

5. At the Gulfport Border Station, Vargas-Bejarano was processed using the e3/IDENT and IAFIS electronic systems. His fingerprints were electronically scanned and were automatically matched by computer to his fingerprints in his prior immigration records. His identity as Norlan Javier Vargas-Bejarano, was positively confirmed based on computerized fingerprint analysis and visual analysis of prior immigration photographs of Vargas-Bejarano.

6. Official record checks revealed that Vargas-Bejarano was initially encountered on or about May 24, 2003. He was processed for an Expedited Removal, and was lawfully ordered deported or removed on or about May 24, 2003. Based on the lawful deportation or removal order against him, Vargas-Bejarano was physically deported or removed from the United States to his native country of Honduras on or about August 7, 2003, via air from in or near Houston, Texas. Vargas-Bejarano claimed to have illegally re-enter the United States on foot through Laredo, Texas in 2008. Vargas-Bejarano stated he has been living in the United States ever since.

7. During a Post Miranda video recorded interview, Vargas-Bejarano told officials he is currently living with a friend in Houston, Texas, named Frazzie. Vargas-Bejarano was unable to provide an address, although claimed to have lived with her (Frazzie) for about six weeks. Vargas-Bejarano stated he met the passengers when they "arrived" at Frazzie's two days before his current arrest in Mississippi. Vargas-Bejarano claimed one of the passengers made arrangements for everyone to work in Miami, Florida and he would take them there. Vargas-Bejarano claimed he paid for gas and the passengers paid for their own food along the way. Vargas-Bejarano said he hoped the passengers would repay him for the

2

gas after finding work in Miami. Vargas-Bejarano admitted he knew all passengers were illegally present in the United States.

8. At the Gulfport Border Station, all five passengers of the passengers were questioned in recorded interviews. The five adult passengers are as listed as follows: Ana Gabriela Avila-Ramirez; Lorenzo Espindola-Angeles; Eber Guadencio Ortega-Guzman; Jonatan Natanael Alvarez-Martinez; and Alfonso Frederico Alvarez-Martinez. Avila-Ramirez admitted that she was to pay Vargas-Bejarano $1,500.00 to be transported to Virginia. Espindola-Angeles admitted that he was pay Vargas-Bejarano $800.00 to be transported to South Carolina. Ortega-Guzman admitted that he was to pay Vargas-Bejarano $800.00 to be transported to Florida. Jonatan Natanael Alvarez-Martinez admitted that he was to pay Vargas-Bejarano $1,500.00 to be transported to Florida. Alfonso Frederico Alvarez-Martinez admitted that he was to pay Vargas-Bejarano $1,500.00 to be transported to Florida.

9. Vargas-Bejarano was found in possession of $8,440.00 in U.S. currency. Vargas-Bejarano claimed the cash was money he had saved as a result of working in Texas. Vargas-Bejarano was asked if he had a bank account and debit card to which he replied yes. Vargas-Bejarano was asked why he did not keep his money in his account and Vargas-Bejarano could not answer the question. The $8,440.00 is believed to be proceeds from criminal alien smuggling and was seized by USBP.

10. Additionally, a review of Department of Homeland Security databases, revealed that Vargas-Bejarano had not received consent or permission to apply for readmission or to re-enter the United States legally, from either the Attorney General of the United States or from the Secretary of the Department of Homeland Security. Based upon the aforementioned facts, there is probable cause to believe that Norlan Javier Vargas-Bejarano knowingly and intentionally transported five illegal aliens within the United States, in material furtherance of their unlawful presence, and for Commercial Advantage or Private Financial Gain, in violation of Title 8, United States Code, Section 1324, a Felony and knowingly and

voluntarily re-entered the United States in violation of Title 8, United States Code, Section 1326(a) – Unlawful Reentry by an Alien after Deportation or Removal, a Felony.

Christopher C. Spiers
Border Patrol Agent
United States Border Patrol

Sworn to and subscribed before me, this, the _____10th_____ day November 2022.

Bradley W. Rath
United States Magistrate Judge

4